**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAILEN PARKS, | ) Case No. CV 19-4346-GW (JPR) |
| Plaintiff, | ) |
| | ) ORDER DISMISSING PLAINTIFF'S |
| v. | ) COMPLAINT WITH LEAVE TO AMEND |
| | ) |
| CHOCANO CHRISTIAN, | ) |
| | ) |
| Defendants. | ) |

On May 20, 2019, Plaintiff, a state inmate proceeding pro se, filed a civil-rights action against Defendant Chocano Christian in his official capacity, seeking compensatory damages and possibly "plasti[c] surgery" and "therap[]y." (Compl. at 3, 6.) He was subsequently granted leave to proceed in forma pauperis. Plaintiff's claims arise from his arrest on unspecified charges, during which Defendant, an Inglewood Police Department police officer, allegedly deployed a police dog against him after he had surrendered.

After screening the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds that his allegations fail to state a

claim on which relief might be granted.  Because at least some of his claims might be cured by amendment, they are dismissed with leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless absolutely clear that deficiencies cannot be cured).  If Plaintiff desires to pursue any of his claims, he is ORDERED to file a first amended complaint within 28 days of the date of this order, remedying the deficiencies discussed below.

**ALLEGATIONS**

On December 7, 2017, at "approximately around 10:30/11:00 a.m.," Defendant "attempted to detain [Plaintiff]." (Compl. at 1; see id. at 2.)  Although Defendant "gave no direction" that he was under arrest, he nonetheless got down on the ground with his hands on his head.  (Id. at 1.)  While he was "subdu[ed]" on the ground, Defendant allegedly "deployed" a police dog against him.  (Id.)  The dog "vi[ci]ously" bit his right ear, left bicep, arm, and neck.  (Id.)  He was then "arrest[ed]." (Id. at 5.)  In the arrest report, Defendant "false[ly]" stated that the police dog bit Plaintiff in the leg and chest and only after he had "kicked" and punched it and had attempted to "evade arrest." (Id.)  He doesn't state what crime he was arrested for but asserts that because he wasn't charged with "assault on a police officer" or "evad[ing] arrest," Defendant must be lying.  (Id.)

He claims that "[e]verything that transpired was . . . premeditated through care less [sic] racism and neglect" and that he was "harass[ed]" and "racial[ly] profil[ed]." (Id. at 3, 6.)  He also contends that his "right to be treated equal" under the

2

14th Amendment was violated, his "22nd Amendment" right was violated through "accessive [sic] brutal force," and his right to "life liberty and property" under the Declaration of Independence "was abused." (Id. at 5.) He requests compensatory damages, including that his "plasti[c] surgery bills" be paid. (Id. at 6.)

**STANDARD OF REVIEW**

A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (as amended) (citation omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008). In considering whether a complaint states a claim, a court must generally accept as true all the factual allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed civil-rights claim when plaintiff's "conclusory allegations" did not support it).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)); Yagman v. Garcetti, 852 F.3d 859, 863 (9th Cir. 2017). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted); Byrd v. Phx. Police Dep't, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam).

**DISCUSSION**

**I. The Complaint Does Not State Any Official-Capacity Claim**

Plaintiff sues Defendant exclusively in his official capacity. (Compl. at 3.) The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166 (emphasis in original).

Municipalities and local-government entities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978); see also Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006). California police departments are independently suable public entities. See Streit v. Cnty. of L.A., 236 F.3d 552, 565 (9th Cir. 2001) (citing Shaw v. Cal. Dep't of Alcoholic Beverage Control, 788

4

F.2d 600, 605 (9th Cir. 1986), and Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 n.2 (9th Cir. 1988)). Because no respondeat superior liability exists under § 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell, 436 U.S. at 694; City of Canton v. Harris, 489 U.S. 378, 385-87 (1989). A plaintiff must show "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (per curiam) (citation omitted).

In addition, a plaintiff must allege facts demonstrating that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Id.; see also Thompson v. City of L.A., 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are [sic] insufficient to establish custom."), overruled on other grounds by Bull v. City & Cnty. of S.F., 595 F.3d 964, 981 (9th Cir. 2010) (en banc). "A custom can be shown or a policy can be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'"

Pierce v. Cnty. of Orange, 526 F.3d 1190, 1211 (9th Cir. 2008) (as amended) (quoting Gillette, 979 F.2d at 1349).

A plaintiff may also establish municipal liability by demonstrating that the alleged constitutional violation was caused by a failure to train municipal employees adequately. See Harris, 489 U.S. at 388. A plaintiff claiming failure to train must allege facts demonstrating the following:

> (1) he was deprived of a constitutional right, (2) the [municipality] had a training policy that amounts to deliberate indifference to the constitutional rights of the persons with whom its police officers are likely to come into contact, and (3) his constitutional injury would have been avoided had the [municipality] properly trained those officers.

Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007) (citations and alterations omitted). "Proof of a single incident of unconstitutional activity is not sufficient to impose [municipal] liability" under a failure-to-train theory. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823–24 (1985); Szajer v. City of L.A., No. CV 07-07433 SVW (PLAx), 2008 WL 11350227, at *7 (C.D. Cal. Nov. 12, 2008) ("[M]unicipal liability based upon failure to train cannot be derived from a single incident."), aff'd, 632 F.3d 607 (9th Cir. 2011).

Nowhere in the Complaint does Plaintiff identify an "official policy or longstanding custom" that caused his injuries, reference any events other than his own arrest, or say anything concerning whether or how Defendant was trained. Therefore, his official-capacity claims are insufficient as a

matter of law. See Hayes v. Voong, 709 F. App'x 494, 495 (9th Cir. 2018) ("The district court properly dismissed [plaintiff's] . . . claims against defendants in their official capacities because [he] failed to identify . . . a policy or custom of the State that allegedly violated federal law."); Fortson v. L.A. City Att'y's Off., 852 F.3d 1190, 1192 (9th Cir. 2017) ("[Plaintiff's] official-capacity claims against the Los Angeles Police Department also fail because [he] has not sufficiently alleged an underlying constitutional violation or otherwise identified an official policy or custom that was the 'moving force' behind a potential constitutional violation."); see also Cannon v. City of Petaluma, No. C 11-0651 PJH., 2012 WL 1183732, at *19 (N.D. Cal. Apr. 6, 2012) (Plaintiff's "allegations . . . relate solely to his own, isolated experiences, which cannot support a Monell claim for failure to train or supervise").

**II. The Complaint Does Not Comply With Federal Rule of Civil Procedure 8**

Plaintiff is warned that the Complaint's allegations are also inadequate to state individual-capacity claims against Defendant. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation and alteration omitted). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See id. at 555 n.3. To comply with Rule 8, a complaint must allege sufficient facts "to

give fair notice and to enable the opposing party to defend itself effectively," and it "must plausibly suggest an entitlement to relief, such that it is not unfair" to subject the opposing party "to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); see also Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995) (Rule 8 requires that complaint provide "minimum threshold" giving defendant "notice of what it is that it allegedly did wrong").

Plaintiff's pleadings don't comport with Rule 8 because he states mostly conclusory allegations that fail to put Defendant on notice of the charges against him. For instance, he claims that his "right to be treated equal" under the 14th Amendment was violated. (Compl. at 3, 6). To state an equal-protection claim, he must show that Defendant acted with an intent or purpose to discriminate against him based on his membership in a protected class. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994) (as amended) (emphasis in original). But Plaintiff has not alleged that he is a member of any protected class, let alone stated facts sufficient to support an inference that he was discriminated against because he was a member of that class. His conclusory allegation that he was "racially profile[ed]," without more, is insufficient to state a valid equal-protection claim.

Plaintiff alludes to violations of his rights under the "22nd Amendment" and the Declaration of Independence. (See

Compl. at 5.) The 22nd Amendment limits an elected President to two terms in office; neither it nor the Declaration of Independence creates rights cognizable in a § 1983 action. See generally Coffey v. United States, 939 F. Supp. 185, 191 (E.D.N.Y. 1996) ("While the Declaration of Independence states that all men are endowed certain unalienable rights including 'Life, Liberty and the pursuit of Happiness,' it does not grant rights that may be pursued through the judicial system." (citation omitted)).

Plaintiff also appears to claim that Defendant used excessive force while arresting him. (Compl. at 5; see id. at 8 (stating in attached grievance that "th[e] peace officer who attempted to arrest [him] used accessive [force]").) Section 1983 claims arising from allegedly excessive force during the "arrest, investigatory stop, or other 'seizure' of a free citizen" are governed by the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 395 (1989). The officers' actions must have been "'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397 (citation omitted); see also Byrd, 885 F.3d at 642.

Plaintiff alleges that Defendant deployed a police dog against him after he had surrendered, resulting in multiple injuries. Although these allegations appear sufficiently specific to show that force was used and that it could have been excessive, see Byrd, 885 F.3d at 643 (allegation that officers "beat the crap out of plaintiff" sufficient to allege excessive force), he has failed to allege the "facts and circumstances

confronting" Defendant before the arrest to demonstrate that the alleged force was unreasonable, such as where the arrest occurred, what he was doing when approached by Defendant, and for what crimes he was arrested. Cf. id. at 642 (plaintiff alleged that officers pulled him over for missing bicycle light despite his being on private property, not engaged in criminal activity, not on probation or parole, and without any outstanding warrants for his arrest); see also Graham, 490 U.S. at 396 (factors to be considered in Fourth Amendment excessive-force claim include "severity of the crime at issue, whether the suspect poses an immediate [safety] threat . . . , and whether he is actively resisting arrest or attempting to evade [it] by flight"). Should Plaintiff decide to pursue an excessive-force claim in an amended pleading, he must allege additional specific facts showing why the force used was excessive under the circumstances. See Graham, 490 U.S. at 396.[1]

---

[1] Public records confirm that Plaintiff was arrested in Inglewood on December 7, 2017, and charged with an unspecified felony. See L.A. Cnty. Inmate Info. Ctr., https://app5.lasd.org/iic/details.cfm (search for "Parks" with "Jailen") (last visited Aug. 22, 2019). On July 2, 2018, he was transferred to California State Prison, Solano. Id.; see Cal. Dep't Corr. & Rehab. Inmate Locator, https://inmatelocator.cdcr.ca.gov (search for CDCR number "BG6807") (last visited Aug. 15, 2019). It is unclear what he is incarcerated for and whether it stems from the December 7 arrest. Because he has failed to allege adequate details about the circumstances of that arrest, it is unclear whether his excessive-force claim, if successful, would necessarily invalidate the conviction for which he is serving time. If it would, it would be barred under Heck v. Humphrey, 512 U.S. 477 (1994), which held that "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (en banc) (citation omitted). Should

10

*********************

If Plaintiff desires to pursue any of his claims, he is ORDERED to file a first amended complaint within 28 days of the date of this order, remedying the deficiencies discussed above. The FAC should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself, without reference to the Complaint or any other pleading, attachment, or document. **He is warned that if he fails to timely file a sufficient FAC, the Court may dismiss this action on the grounds set forth above or for failure to diligently prosecute.**[2]

DATED: August 28, 2019

                                    *[signature]*
JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

Plaintiff elect to pursue his excessive-force claim, he should allege specific facts showing that the Heck doctrine does not foreclose it, including whether he was convicted as a result of his December 7 arrest and, if so, on what charges; whether he is appealing any of those convictions; and whether he claims excessive force "distinct temporally or spatially from the factual basis" for any convictions arising from the December 7 arrest. Beets v. Cnty. of L.A., 669 F.3d 1038, 1042 (9th Cir. 2012); cf. Hooper v. Cnty. of San Diego, 629 F.3d 1127, 1133 (9th Cir. 2011) (finding that plaintiff's conviction did not bar § 1983 claim for excessive force when "conviction and the § 1983 claim [were] based on different actions during 'one continuous transaction'").

[2] If Plaintiff believes this order erroneously disposes of any of his claims, he may file objections with the district judge within 20 days of the date of the order. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015) ("When a magistrate judge believes she is issuing a nondispositive order, she may warn the litigants that, if they disagree and think the matter dispositive, they have the right to file an objection to that determination with the district judge.").