**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAILEN PARKS,<br><br>        Plaintiff,<br><br>        v.<br><br>CHOCANO CHRISTIAN,<br><br>        Defendant. | ) Case No. CV 19-4346-GW (JPR)<br>)<br>)<br>) ORDER DISMISSING PLAINTIFF'S<br>) FIRST AMENDED COMPLAINT WITH<br>) LEAVE TO AMEND<br>)<br>)<br>) |

    On May 20, 2019, Plaintiff, a state inmate proceeding pro se, filed a civil-rights action against Defendant Chocano Christian in his official capacity, seeking compensatory damages and possibly "plasti[c] surgery" and "therap[]y." (Compl. at 3, 6.) He was subsequently granted leave to proceed in forma pauperis. Plaintiff's claims arise from his arrest on unspecified charges, during which Defendant, an Inglewood Police Department police officer, allegedly deployed a police dog against him after he had surrendered.

    On August 28, 2019, the Court dismissed the Complaint with leave to amend, finding that its allegations failed to state any

1

claim on which relief might be granted. The Court identified the deficiencies in the Complaint and explained what Plaintiff could do to cure at least some of them. Specifically, the Court noted that to sue Defendant in his official capacity, he had to identify an "official policy or longstanding custom" of the IPD — Defendant's municipal employer — that caused his injuries. (Aug. 28 Order at 6-7.) It also explained that although Plaintiff could potentially press an individual-capacity excessive-force claim under the Fourth Amendment based on the alleged seizure, to do so he had to allege what preceded it in order to show that the alleged force used against him was unreasonable. (Id. at 9-10.) Further, it warned that the Complaint's sparse allegations did not demonstrate that an excessive-force claim, if successful, would not invalidate the conviction for which he was incarcerated and therefore be barred under Heck v. Humphrey, 512 U.S. 477 (1994). (Aug. 28 Order at 10-11 n.1.) Accordingly, Plaintiff was instructed that if he wanted to pursue an excessive-force claim in any amended pleading, he should allege specific facts showing that the Heck doctrine did not foreclose it. (Id.) The Court also explained that to assert an equal-protection claim under the 14th Amendment, Plaintiff had to state facts sufficient to support an inference that he was a member of a protected class and that he was discriminated against on that basis. (Id. at 8.)

The Court ordered Plaintiff to file a first amended complaint, remedying the deficiencies discussed, and stressed that the FAC must be complete in and of itself, without reference to the Complaint or any other pleading, attachment, or document. It advised him that if he believed the order erroneously disposed

of any of the claims, he could file objections with the District Judge. (Id. at 11.)

Plaintiff did not file objections with the District Judge. Instead, on October 28, 2019, he filed a "First Amendment [sic] Complaint Order," which the Court construes as a FAC. The four-page handwritten document, some of which is illegible, fails to remedy most of the deficiencies identified in the dismissal order. For instance, Plaintiff maintains that he wishes to sue the IPD (FAC at 4) but still fails to identify an official municipal custom or policy that resulted in his injury. And although he apparently still wishes to press an excessive-force claim (id. at 1-2), he does not allege any facts about the events preceding his altercation with Defendant to support an inference that Defendant's use of force was unreasonable. Nor does he provide any information to enable the Court to discern whether his excessive-force claim is Heck barred, instead suggesting that the Heck doctrine runs afoul of the First Amendment. (Id. at 3.) And although he does remedy one deficiency identified in the August 28 Order by alleging that he is an African American (id.) — and therefore a member of a protected class — he still fails to allege any facts to suggest he was discriminated against because he was a member of that class. Indeed, despite the Court's warning that the FAC must be "complete in and of itself, without reference to the Complaint" (Aug. 28 Order at 11), the FAC alleges far fewer facts than the deficient Complaint, barely mentioning the assault that gave rise to Plaintiff's claims.

If Plaintiff desires to pursue any of his claims, he is ORDERED to file a second amended complaint within 28 days of the date of this order, remedying the deficiencies identified herein and in the August 28 Order. The SAC should bear the docket number assigned to this case, be labeled "Second Amended Complaint," and be complete in and of itself, without reference to the Complaint or any other pleading, attachment, or document. The Clerk is directed to provide Plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate his filing of an organized and coherent SAC if he elects to proceed with this action. **He is warned that if he fails to timely file a sufficient SAC, the Court may dismiss this action on the grounds set forth above and in the August 28 Order or for failure to diligently prosecute**.[1]

DATED: December 16, 2019

JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[1] If Plaintiff believes this order or the August 28 Order erroneously disposes of any of his claims, he may file objections with the district judge within 20 days of the date of this order. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015) ("When a magistrate judge believes she is issuing a nondispositive order, she may warn the litigants that, if they disagree and think the matter dispositive, they have the right to file an objection to that determination with the district judge.").

4