UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAILEN PARKS, | ) Case No. CV 19-4346-MCS (JPR) |
| Plaintiff, | ) ORDER DISMISSING ACTION FOR |
| v. | ) FAILURE TO PROSECUTE AND FAILURE ) TO STATE A CLAIM |
| CHRISTIAN CHOCANO, | ) |
| Defendant. | ) |

Plaintiff originally filed this civil-rights action in May 2019. The Magistrate Judge twice dismissed it with leave to amend before ordering his original Complaint and his subsequent Supplement to it served on Defendant Christian Chocano in his individual capacity only. While the Marshal was still trying to effect service, Plaintiff filed another statement of allegations in May 2020. Defendant subsequently moved to dismiss what he called the second amended complaint — the May 2020 filing — as well as the entire action. On February 4, 2021, the Court granted the motion to dismiss, ordering some claims dismissed with prejudice and some with leave to amend. The Court gave Plaintiff 28 days, or until March 4, 2021, to file a third amended complaint and warned him that if he did not do so the

Court would "likely" dismiss the action for the reasons stated in the Magistrate Judge's various dismissal orders and for failure to prosecute. To date Plaintiff has neither filed a TAC nor requested an extension of time to do so.

Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a pro se plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). A court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, Plaintiff has offered no explanation for his failure to file another amended complaint. Thus, he has not rebutted the presumption of prejudice to Defendant. No less drastic sanction is available, as the SAC and other filings fail to state a claim and cannot be ordered served, and Plaintiff is unable or unwilling to comply with the Court's instructions for fixing his allegations.

Because none of his claims can be ordered served, the Court is unable to manage its docket. Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261-62 (9th Cir. 1992) (as amended) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); Baskett v. Quinn, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed for failure to prosecute and failure to state a claim.[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 15, 2021

MARK C. SCARSI
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

---

[1] The Court has read and accepts the Magistrate Judge's August 28 and December 16, 2019 dismissal orders.